**No. 24-2502**

**IN THE UNITED STATES COURT OF APPEALS FOR THE SEVENTH CIRCUIT**

| | | |
|---|---|---|
| STEPHANNIE DYSON,<br><br>Plaintiff-Appellant,<br><br>v.<br><br>STEVEN KLIMEK, et al.,<br><br>Defendants-Appellees. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Appeal from the United States District Court, Northern District of Illinois, Eastern Division<br><br>No. 23-cv-03325<br><br>The Honorable Andrea R. Wood<br>District Judge, Presiding |

**RESPONSE TO JURISDICTIONAL MEMORANDUM**

Defendants-Appellees Lonnie Hollis, Steven Klimek, Roxane Boutte, and Michael Lucente, pursuant to this court's briefing order of October 10, 2024, submit this response to the Jurisdictional Memorandum of Plaintiff-Appellant Stephannie Dyson. This court lacks jurisdiction over this appeal, for lack of a final judgment disposing of all claims and all parties, and should accordingly dismiss this appeal for lack of jurisdiction.

Although Dyson's notice of appeal in this matter purports to appeal the district court's order dated July 24, 2024, (Dkt. 45), that order did not resolve all claims against all defendants and is, therefore, not a final and appealable order under 28 U.S.C. § 1291. In its order, the district dismissed claims against Brian Schultz, but the case continues with respect to all other Defendants. (Dkt. 42.) That deprives this court of jurisdiction because an appeal may not be taken in a civil case until a final judgment disposing of all claims against all parties is entered on the district court's docket pursuant to Rule 58 of the Federal Rules of Civil Procedure. *E.g.*, *Alonzi v. Budget Construction Co.*, 55 F.3d 331, 333

(7th Cir. 1995); *Cleaver v. Elias*, 852 F.2d 266, 267 (7th Cir. 1988).

In her jurisdictional memorandum, Dyson asserts that this court has appellate jurisdiction pursuant to 28 U.S.C. § 1292(a)(1) and 28 U.S.C. § 1295.[1] Neither of these provisions are applicable here. Starting with 28 U.S.C. § 1292(a)(1), that statute only grants this court jurisdiction over appeals from interlocutory orders in civil cases when a district court issues, denies, or modifies an injunction. But this appeal does not involve any such action, so section 1292(a)(1) is inapplicable here. As for 28 U.S.C. § 1295, that section grants exclusive jurisdiction to the U.S. Court of Appeals for the Federal Circuit for final decisions in certain specific types of cases. Being limited to the Federal Circuit, section 1295 is inapplicable here as well.

Because the order from which Dyson appeals does not resolve all claims against all defendants, it is not final and appealable order under 28 U.S.C. § 1291. This appeal should be dismissed for lack of appellate jurisdiction.

Respectfully Submitted,
KIMBERLY M. FOXX
State's Attorney of Cook County

By: <u>*/s/ Mark Kummerer*</u>
Mark Kummerer
Assistant State's Attorney
500 Richard J. Daley Center
Chicago, Illinois 60602
mark.kummerer@cookcountysao.org
(312) 603-5439

[1] Because the party invoking federal jurisdiction bears the burden of establishing the existence of such jurisdiction, *Hart v. FedEx Ground Package System,* 457 F.3d 675, 679 (7th Cir. 2006), we address only the jurisdictional grounds Dyson asserts in her jurisdictional memorandum.

## CERTIFICATE OF SERVICE

I hereby certify that on October 18, 2024, I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Seventh Circuit by using the CM/ECF system. Participants in the case who are registered CM/ECF users will be served by the CM/ECF system.

I further certify that some of the participants in the case are not CM/ECF users. I have emailed the foregoing to the following non-CM/ECF participants:

Stephanie Dyson
nopressurenidiamonds@gmail.com

*/s/ Mark Kummerer*
Mark Kummerer